Filed 11/20/24  P. v. Gore CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100430 |
| Plaintiff and Respondent, | (Super. Ct. No. 00F01551) |
| v. | |
| ANTONIO GORE, | |
| Defendant and Appellant. | |

Defendant Antonio Gore appeals from a postconviction order recalling his sentence and resentencing him pursuant to Penal Code section 1172.75.[1]  Appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 and asking this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  Although not required to independently

---

[1]  Undesignated statutory references are to the Penal Code.  This statute was formerly section 1171.1, but it was renumbered to section 1172.75 without substantive change. (Assem. Bill No. 200 (2021-2022 Reg. Sess.); Stats. 2022, ch. 58, § 12.)

1

review the record in these circumstances (see, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 226), we have done so because defendant was not notified that his failure to file a supplemental brief may result in dismissal of the appeal. Our review reveals the trial court failed to generate an abstract of judgment corresponding to the indeterminate portion of his sentence. We shall direct the trial court to correct this omission. Finding no other arguable errors favorable to defendant, we affirm.

## BACKGROUND

In October 2000, a jury convicted defendant of second degree robbery (count 1), attempted murder (count 2), assault with a firearm (count 3), and exhibiting a firearm (a lesser included offense of count 4). Various firearm enhancements were also found true by the jury, including that defendant intentionally personally discharged a firearm causing great bodily injury. Defendant admitted having suffered two prior prison terms (§ 667.5, subd. (b)). (*People v. Gore* (Dec. 27, 2001, C037034) [nonpub. opn.].) Defendant was sentenced to serve a determinate term of 11 years plus an indeterminate term of 25 years to life in prison for these convictions. We upheld this judgment in an unpublished decision issued in 2001. (*Gore*, *supra*, C037034.)

Effective January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5 "by limiting the prior prison term enhancement to only prior terms for sexually violent offenses." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 380.)

On October 8, 2021, the Governor signed Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3), codified as section 1172.75, which implemented a recall and resentencing procedure for individuals serving prison sentences including a section 667.5, subdivision (b) enhancement. (*People v. Kimble* (2024) 99 Cal.App.5th 746, 751.) According to that procedure, the Department of Corrections and Rehabilitation (CDCR) notifies the sentencing court that a defendant is serving a sentence including a section 667.5, subdivision (b) enhancement. (§ 1172.75, subd. (b).) The sentencing court then

2

reviews the current judgment and verifies eligibility. (§ 1172.75, subd. (c).) If eligible, the defendant is resentenced. (*Ibid*.)

In 2023, the CDCR identified defendant as eligible for resentencing pursuant to section 1172.75. The trial court appointed counsel and briefing ensued. Thereafter, on November 30, 2023, the trial court recalled defendant's sentence and resentenced him, striking both section 667.5, subdivision (b) enhancements and imposing a determinate term of 9 years plus an indeterminate term of 25 years to life. The court declined defendant's request to reduce the firearm enhancement associated with count 2 or otherwise further reduce defendant's sentence. Finally, the court updated defendant's custody credit award. Defendant timely appealed, resulting in the case before us.

## DISCUSSION

Defendant's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at p. 436.) On August 5, 2024, appellate counsel wrote defendant, explaining he would be filing a no issue brief and advising defendant of his right to file a supplemental brief. It does not appear, however, that defendant was told that his failure to file an in propria persona supplemental brief would likely result in dismissal of this appeal. We have exercised our discretion to review the record in light of this omission. (See, e.g., *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 226.)

Having done so, we noticed that although the trial court recalled defendant's previous sentence and resentenced him to both determinate and indeterminate terms on November 30, 2023, the court prepared only a determinate abstract of judgment. We direct the trial court to correct this omission by preparing an indeterminate abstract of judgment reflecting defendant's indeterminate sentence of 25 years to life arising from his firearm enhancement under section 12022.53, subdivision (d). Finding no other arguable errors that would result in a disposition more favorable to defendant, we affirm the judgment.

**DISPOSITION**

The trial court is directed to prepare an abstract of judgment reflecting the complete sentence defendant received at the resentencing hearing on November 30, 2023, including the indeterminate term imposed by the trial court as explained above.  The trial court is further directed to transmit a certified copy of defendant's determinate and indeterminate term abstracts of judgment to the CDCR.  The judgment is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

4